

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

Nos. 07-18-00145-CR
07-18-00302-CR

_____

**KELLY GOLEY, APPELLANT**

V.

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2018-414,373 (Counts II & IV); Honorable John J. McClendon III, Presiding

August 8, 2018

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Pursuant to an open plea, Appellant, Kelly Goley, was convicted of two counts[1] of

sexual assault of a child[2] and sentenced to concurrent terms of twenty years confinement.

---

[1] Appellant was indicted for five counts of sexual assault of a child. He was convicted of Counts II and IV. The other three counts were subsequently dismissed. Appellant's appeal from Count II is docketed as cause number 07-18-00145-CR. His appeal from Count IV is docketed as cause number 07-18-00302-CR.

[2] TEX. PENAL CODE ANN. § 22.011(a)(2) (West Supp. 2017).

Appellant's appointed counsel, Ms. Lorna McMillion, filed a notice of appeal from the judgments. On May 8, 2018, Mr. Nicholas Vitolo filed a notice of appearance and designation as lead counsel with this court, stating that he was retained to assist in the appeals. *See* TEX. R. APP. P. 6.2, 6.1.

The clerk's record and reporter's record were originally due on May 21, 2018. The clerk's record was filed by this deadline; however, the reporter was granted two extensions to file the record due to her case load. On July 23, the reporter requested a third extension notifying the court that Appellant had not made acceptable payment arrangements for the reporter's record. *See* TEX. R. APP. P. 35.3(b)(3). By letter on July 25, we directed Appellant to make acceptable payment arrangements for the reporter's record by August 6. Failure to do so, we advised, could result in the appeals being abated and the causes remanded to the trial court for further proceedings. *See* TEX. R. APP. P. 37.3(a)(2). On August 5, Mr. Vitolo filed a letter asking this court to direct the trial court to provide the reporter's record without charge. In the letter, Mr. Vitolo asserts that Appellant is entitled to a free reporter's record because he was previously found indigent by the trial court and appointed appellate counsel pursuant to article 26.04 of the Texas Code of Criminal Procedure.

Whether an appellant is indigent for the purposes of appointment of counsel and obtaining a free appellate record are discrete inquiries and should be resolved by the trial court. *See McFatridge v. State*, 309 S.W.3d 1, 5-6 (Tex. Crim. App. 2010). Each indigence determination is made at the time the issue arises. *Id.* Under appellate rule 20.2, an appellant who is unable to pay for the appellate record may, by motion and affidavit, ask the trial court to provide a free appellate record. TEX. R. APP. P. 20.2. If the

trial court finds, after a hearing, that the appellant cannot pay for the appellate record, the court must order the record to be furnished without charge.  *Id.*  There is no indication in the clerk's record that Appellant requested a free appellate record from the trial court or that the trial court determined Appellant was indigent for the purposes of obtaining a free appellate record.

Accordingly, we abate these appeals and remand the causes to the trial court for further proceedings.  *See* Tex. R. App. P. 37.3(a)(2); 20.2.  On remand, the trial court shall utilize whatever means it finds necessary to determine the following:

(1)    whether Appellant still desires to prosecute the appeal;

(2)    if Appellant desires to prosecute the appeal, whether Appellant is indigent and entitled to have the reporter's record furnished without charge under appellate rule 20.2; and

(3)    if Appellant is not entitled to have the reporter's record furnished without charge, the date Appellant will make acceptable payment arrangements for the reporter's record.  *See id.*

We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects.  Additionally, the trial court shall cause to be developed (1) a supplemental clerk's record containing the findings of fact and conclusions of law and (2) a reporter's record transcribing the evidence and argument presented at any hearing held.  The trial court shall cause the supplemental record to be filed with the clerk of this court on or before September 10, 2018.

It is so ordered.

Per Curiam

Do not publish.

3